4-5397

125 S. W. 2d 813

Opinion delivered March 6, 1939.

*Gordon E. Young,* for appellant.

*F. D. Goza,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant and the Southern Ice Company, Inc., to recover damages in the sum of $1,200 for the breach of an alleged contract they made with him to furnish him with all the ice needed to supply his customers on his ice route out from Malvern with ice from July 30, 1937, to the end of the season in November, 1937.

Appellant filed a motion to require appellee to make his complaint more specific by stating whether the alleged contract was oral or in writing, the date and essential terms thereof, the price to be paid for ice and the trade territory, and also that he be required to state the basis of computation used by him to determine the amount of his damages.

In response to this motion the appellee filed an amendment to the complaint stating that the contract was entered into on February 1, 1937, that it was an oral contract and that the price to be paid for the ice was 25 cents

a hundred and the duration of the contract was until about November 1, 1937. The court overruled that part of the motion asking that he state the basis he used in the computation made by him in arriving at the amount of his damages, over the objection and exception of appellant.

The appellant and his co-defendant filed separate answers to the complaint denying the material allegations therein.

The cause was heard upon the pleadings and testimony, at the conclusion of which the Southern Ice Company, Inc., moved for an instructed verdict in its favor, which motion was granted and the Southern Ice Company, Inc., was discharged as a party defendant in the cause.

Appellant also moved for a peremptory instruction in his favor which was denied, over his objection and exception.

The cause was then submitted to the jury under oral instructions of the court which resulted in a verdict of $500 against appellant, from which is this appeal.

Appellant contends for a reversal of the judgment upon the following grounds:

First, the court erred in not instructing a verdict for defendant (appellant).

Second, the court erred in failing to require the appellee to make his complaint more definite and specific at appellant's request.

Third, the court erred in refusing to give to the jury as law of the case appellant's offered instructions numbered 2, 4, 5, 7, and 8.

(1) It is argued that the court should have instructed a verdict for appellant on the ground that the evidence was insufficient to show that a contract existed between him and appellee with reference to furnishing appellee ice during the season beginning February 1, 1937, and ending about November 1, 1937. It is said that appellee was so uncertain about the contract himself that he brought the suit against both the Southern Ice Company, Inc., and appellant instead of bringing it against appellant alone. It is true appellee testified that he had

been buying ice for a number of years from the Southern Ice Company's distributing plants at Malvern and Arkadelphia which had been managed during that time by Stanley Brooks. It is also true that he testified that he saw a Mr. Record who was the representative of the Southern Ice Company, Inc., in Little Rock and that Record told him to see Stanley Brooks about getting the ice.

But as we read his evidence he finally stated that he had no direct contract with the Southern Ice Company, Inc., and that his contract was made with appellant, Stanley Brooks. He testified, in substance, that he had been selling ice for ten or twelve years furnishing ice that he had purchased from Brooks to the territory around Malvern and Arkadelphia and had established a regular route for that purpose, but that he had had some financial troubles and did not have a truck when he approached Brooks in February, 1937, to engage ice for the season; that he was unable to purchase a truck and so told Brooks and was advised by Brooks that it was going to be a good year and for him to go ahead and buy the truck and take ice from him during the season; that he followed his advice and purchased a truck; that Brooks agreed to let him have all the ice he would need to furnish that territory at 25 cents a hundred; that he was furnishing everything himself and selling the ice he purchased at 60 cents a hundred and that he was selling at an average of six thousand pounds a day and making a gross profit out of it of $21 a day or a net profit of $15 a day; that in order to get some help for delivery in this territory he sold a portion of his territory to the Deere boys and while he did not get permission from Brooks to do so, Brooks acquiesced in it and let the Deere boys have ice on the same basis that he was furnishing it to him; that a Mr. Phillips established an ice factory at Sheridan and was encroaching at times upon appellee's territory and at the suggestion of Mr. Brooks he bought several loads of ice from Phillips; that Phillips and Brooks got into a dispute about the amount of ice he was to purchase from each which resulted in them coming to an agreement to refuse to sell ice to appellee to supply the territory from

and after July 20, 1937; that when Brooks breached the contract with him he got a little ice from the Pine Bluff factory, but it went out of business and Brooks put on trucks and furnished ice to the territory thereafter to the exclusion of appellee.

Appellee introduced a witness by the name of Jack Naylor who was present when he made his contract with Brooks to furnish him ice for his territory in April, 1937, and heard Brooks advise him to get the truck and go ahead for the season of 1937. He also testified that he had worked on the route for about nine years and that appellee could have sold between five thousand and eight thousand pounds of ice a day from and after July 20, 1937. There was no dispute that appellee got the truck in accordance with Brooks' advice and that he actually operated in the territory from February until July 20, 1937, at which time Brooks refused to sell him ice from the Malvern or Arkadelphia plants and Phillips refused to sell him any ice after that time from the Sheridan plant.

Appellant testified that he sold about six thousand pounds of ice each day after the ice season opened up and would have sold that amount from July 20, 1937, until about November, 1937, and would have made a net profit thereon of about $15 a day. He was corroborated in this testimony by Leon Naylor and his sons who assisted him in delivering ice in this territory.

Mr. Brooks denied making any definite contract with appellee to furnish him all the ice he needed during the season beginning in February and ending in November and denied that he had entered into any collusion with Phillips not to sell appellee ice on and after July 20, 1937, but admitted that they refused to sell him ice because appellee and Phillips could not get along and because he was under no obligation by contract to furnish appellee all the ice he might need for any definite time.

We think there is ample evidence of a substantial nature in the record from which a jury might find that appellee did enter into a contract with appellant to furnish him the ice he might need to supply his patrons in the territory around about Malvern and Arkadelphia at a

fixed price of 25 cents per hundred during the season beginning in February and ending in November of 1937; and that appellant breached the contract to the damage of appellee in at least the sum of $500 if not more. We, therefore, think the verdict of the jury is supported by substantial evidence.

(2) Appellant next contends for a reversal of the judgment because the trial court did not require appellee to set out in his complaint the method by which he arrived at the amount of the damages he claimed. He did set out the date of the contract, the terms thereof, the expiration of the contract and the amount he was to pay for the ice, and we do not think on a motion to make more definite and certain it was necessary for him to set out the method by which he arrived at the amount of his damages. Under our civil procedure statutes it is required by § 1409 of Pope's Digest, among other things, that a plaintiff shall in ordinary and concise language, without repetition, state the facts constituting his cause of action. We think the complaint in this case substantially met that requirement and that the court did not commit error in refusing to require appellant to set out the particular method he used in figuring and setting out the figures in arriving at the amount of damages claimed by him. To do so would require him to plead his evidence.

(3) At the conclusion of the testimony the court instructed the jury orally and after a careful reading of the instructions given by him we have concluded that the court correctly instructed the jury on the issues involved.

Appellant requested a number of written instructions, but the applicable ones to the facts in the case were fully covered by the oral instructions of the court.

The court did not err in refusing to give the instructions numbered 2, 4, 5, 7, and 8.

No error appearing, the judgment is affirmed.